**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY CO., AS SUBROGEE OF MILLSTEIN PROPERTIES, INC., | : : : | |
| Plaintiff, | : | Civil Action No. 03-4584 (JAG) |
| v. | : | |
| LEO WALRAD, | : : | **OPINION** |
| Defendant. | : | |

**GREENAWAY, JR., U.S.D.J.**

**INTRODUCTION**

This matter having come before this Court on the motion of Plaintiff The Travelers Indemnity Company, as Subrogee of Millstein Properties, Inc., ("Plaintiff" or "Travelers") for voluntary dismissal of the action without prejudice, pursuant to Fed. R. Civ. P. 41, and requesting that the matter be submitted to intercompany arbitration. Plaintiff is a subrogee of Millstein Properties, Inc. and signatory to an intercompany agreement to arbitrate certain identified disputes. (Pl.'s Memo. Law Supp. Pl.'s Mot. to Voluntarily Dismiss the Action Without Prejudice, at 9, hereinafter ("Pl.'s Memo.").) Signatories of the intercompany arbitration agreement agree to submit to arbitration all claims for which the recoverable amount is not in excess of $100,000. Defendant is insured by AAA Mid-Atlantic Insurance Company, which is also a signatory of the intercompany arbitration agreement. (Id.)

1

Defendant has filed a cross-motion requesting that this Court bar and enjoin Plaintiff from voluntarily dismissing this matter without prejudice and submitting the claim to arbitration. Defendant argues that Plaintiff's Complaint, filed with this Court on September 22, 2003, alleges damages in excess of $100,000 and is accompanied by a "Notice of Certification" whereby Plaintiff's counsel verified in a sworn statement that the damages recoverable in this action exceed $100,000. Therefore, Defendant argues that the claims are ineligible for submission to arbitration. Defendant also contends that Plaintiff's motion is barred by the doctrine of waiver.

Upon reviewing the parties' submissions, this Court finds that Plaintiff has not waived its right to submit this matter to arbitration, pursuant to the intercompany arbitration agreement to which Defendant's insurer and Plaintiff are signatories, and that Plaintiff's claim, as amended, falls within the purview of the arbitration agreement. Moreover, this Court concludes that Plaintiff's zealous litigation of this matter for the last 20 months is not grounds to find that Plaintiff should be barred from submitting the matter to arbitration. Therefore, this Court grants Plaintiff's motion for voluntary dismissal without prejudice and to submit this matter to arbitration, pursuant to the intercompany arbitration agreement.

## BACKGROUND

Travelers was the insurer of a high-rise apartment building known as Stonehedge, owned by Millstein Properties, located at 8200 Boulevard East, North Bergen, New Jersey. Defendant Leo Walrad was a tenant, who leased apartment PH2Q within the 35 story, 383 unit building. On September 10, 2001, the broiler in Mr. Walrad's apartment caught fire. Plaintiff alleges that Mr. Walrad was cooking a steak and forgot to turn the broiler off after the his meal was prepared.

According to Plaintiff, the fire was caused by Mr. Walrad failing to turn the broiler to the shut-off position. Moreover, Plaintiffs claim, that due to the fire, the Fire Department turned off the gas to the building. Plaintiff alleges that the Township Chief Investigator Lester Moriggia ordered the owners of Stonehedge not to resume gas service until individual apartment gas valves knocked out by the fire were repaired.

Plaintiff's Complaint alleged that Millstein Properties, Inc. suffered $121,846.62 in damages.

Defendant disputes most all of the facts alleged by Plaintiff. Defendant Mr. Walrad agrees that he cooked a steak the night of the fire, but argues that he turned the broiler off before he started to eat his meal. Mr. Walrad further claims that he observed the fire in the broiler while eating his meal. Mr. Walrad argues that the fire in his apartment was confined to the north wall of his kitchen and the immediately adjacent appliances. Defendant disputes the alleged costs that Plaintiff claims to have incurred in repairing the damage.

**STANDARD**

Pursuant to FED. R. CIV. P. 41(a)(1), a plaintiff may file a notice of dismissal of an action without the consent of the court either by the stipulation of all parties, or unilaterally only if the defendant has not yet filed an answer or make a motion for summary judgment. The Rule further states that an action may be dismissed by order of the Court. The decision to grant or deny voluntary dismissal is within the court's sound discretion, and generally, courts have followed the principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 863 (3d Cir.1990).

## DISCUSSION

The issues presently before the Court include whether 1) the matter is arbitrable, pursuant to the intercompany arbitration agreement; 2) Plaintiff has waived its right to arbitrate this matter by failing to make a timely demand that this matter be sent to arbitration or by zealously litigating the matter for 20 months prior to the instant motion, and 3) submission of the matter to arbitration at this hour in the litigation would prejudice Defendant.

**I.      Intercompany Arbitration Agreement**

On May 25, 2005, Plaintiff filed a motion seeking to voluntarily dismiss this action without prejudice. Plaintiff claims in its instant motion that it paid its insured $121,000.00 for damage resulting from the fire. (Pl.'s Mot. Seeking to Voluntarily Dismiss this Action Without Prejudice, ¶3.) Plaintiff notes, in its instant motion, however, that "[d]uring the course of the discovery of this litigation, [it] has determined that the amount of damages that it can legally recover will not exceed $100,000.00." (Id., at ¶6.)

Plaintiff's motion seeks to dismiss the current litigation and refer the matter to intercompany arbitration. Both Plaintiff and Defendant's insurer, AAA Mid-Atlantic Insurance Group, are parties to an intercompany arbitration agreement. The arbitration agreement requires that all claims under $100,000.00 be submitted to arbitration. The intercompany arbitration agreement provides that:

> [s]ignatory companies are bound to forego litigation and in place thereof submit to arbitration any questions or disputes which may arise from . . . a) any fire subrogation or property damage claim not in excess of $100,000.00 [.]

Property Subrogation  Arbitration Agreement, Article First.

The Arbitration Forums, Inc.'s Rules & Regulations state that compulsory arbitration, pursuant to the Agreement's Article First, does not apply to a situation in which a claim causes any one member's exposure to exceed $100,000. Property Subrogation Arbitration, Rules & Regulations, 2-5.

## II.     Waiver

Defendant argues Plaintiff has waived the right to demand arbitration and Defendant would be prejudiced by dismissal of this litigation. This Court finds that Plaintiff has not waived its right to arbitration and below explores any potential prejudice that will result if Plaintiff is permitted to submit the matter to arbitration.

New Jersey has a strong public policy "favoring arbitration as a means of dispute resolution and requiring a liberal construction of contracts in favor of arbitration." Alamo Rent A Car, Inc. v. Galarza, 306 N.J. Super. 384, 389 (App. Div. 1997) (citing Marchak v. Claridge Commons, Inc., 134 N.J. 275, 281 (1993)).

Basic contract principles apply when a court interprets an arbitration clause, because "a submission to arbitration is essentially a contract, and the parties are bound to the extent of that contract." Local 462, Int'l Brotherhood of Teamsters v. Charles Schaefer & Sons, Inc., 539 A.2d 295, 297 (N.J. Super. Ct. App. Div. 1988); see Quigley v. KPMG Peat Marwick, LLP, 749 A.2d 405, 415 (N.J. Super. Ct. App. Div. 2000), cert. denied, 165 N.J. 527 (2000). Courts are generally obligated to enforce contracts based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract. Marchak, supra, 134 N.J. at 282; Jacobs v. Great Pac. Century Corp., 104 N.J. 580, 586 (1986); Vasquez v. Glassboro Serv. Ass'n, Inc., 83 N.J. 86, 101 (1980). A party may waive their agreement to

arbitrate by expressly stating such or as demonstrated by their conduct. State, Office of Employee Rel. v. Communications Workers of Am. AFLCIO, 154 N.J. 98, 109 (1998).

Until a lawsuit consummates in a final judgment, one may not conclude that the right to demand arbitration, when it is a contracted for remedy, has been abandoned. Wasserstein v. Kovatch, 618 A.2d 886 (N.J. Super. Ct. App. Div. 1993) (citing McKeeby v. Arthur, 7 N.J. 174 (1951)). The act of filing a complaint or answering a complaint does not constitute an automatic waiver of the right to demand arbitration. Hudik-Ross, Inc. v. 1530 Palisade Ave. Corp., 329 A.2d 70, 74 (N.J. Super. Ct. App. Div. 1974).

Until a final judgment is entered, the viability of enforcement of the arbitration clause continues to exist. Wasserstein v. Kovatch, 618 A.2d at 893. However, "[n]ot every foray into the courthouse effects a waiver of the right to arbitrate." Shevlin v. Prudential Commercial Ins. Co., 607 A.2d 1062, 1066 (N.J. Super. Ct. Law Div. 1991). Parties waive the right to arbitration where they commence litigation or use the litigation process improperly, such as to gain pretrial disclosure not generally available in arbitration. Id.

"[T]he mere institution of legal proceedings or the assertion of an affirmative defense by way of an answer, without ostensible prejudice to the other party, do not, in our opinion, constitute a waiver of a right to proceed with arbitration in accordance with the terms of an arbitration agreement." PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1068 (3d Cir. 1995) (citations omitted).

Consistent with the strong preference for arbitration in federal courts, waiver "is not to be lightly inferred." Gavlik Const. Co. v. H.F. Campbell Co., 526 F.2d 777, 783 (3d Cir. 1975) (quoting Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2d Cir. 1968)). Waiver is generally

found only "where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." Gavlik, 526 F.2d at 783.

In evaluating waiver of the right to arbitration, courts have considered "timeliness or lack thereof of a motion to arbitrate[;] . . . the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; the extent of its non-merits motion practice; its assent to the district court's pretrial orders; and the extent to which both parties have engaged in discovery." Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d, 912, 926-27 (3d Cir. 1992) (citations omitted).

Key among the factors to be considered when evaluating whether acts constitute a waiver of the right to demand arbitration is the final factor mentioned above, prejudice to the opposing party. PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1068 (3d Cir. 1995). As the Third Circuit has noted, "prejudice is the touchstone for determining whether the right to arbitration has been waived." Hoxworth, 980 F.2d at 925.

**III.    Prejudice**

This Court shall next consider Defendant's claim that permitting Plaintiff to submit this matter to arbitration constitutes prejudice because it has incurred significant costs and expended significant efforts litigating this matter.

The litigation commenced in September 22, 2003 and Defendant answered the Complaint on December 18, 2003. The parties proceeded through written discovery and four depositions and Defendant engaged Richard Trieste, PE to inspect and photograph the premises. Defendant argues that the initiation of the suit created the impetus to spend time and resources to

scrutinize Travelers' payments through the means allowed by the Federal Rules of Civil Procedure. Defendant argues that Travelers may not adjust the amount of its demand at this hour in the litigation.

Defendant maintains that Plaintiff has waived its right to arbitration through its conduct, namely filing this litigation in federal court and participating in the discovery process. Defendant further argues that Travelers intentionally filed a Complaint alleging damage over $100,000 to avoid arbitration and now strategically seeks to amend its claim as to allege damage less than $100,000 to trigger the intercompany arbitration agreement and remove the matter from Court on the eve of trial.

Considering Defendant's burden to demonstrate waiver, this Court is satisfied that Plaintiff preserved its right to refer the claim to arbitration. This Court finds that Defendant is not prejudiced by Plaintiff's request to submit this matter to arbitration. While discovery has been completed, the process for discovery and the time for completion of discovery in this matter were not as onerous as Defendant suggests. Plaintiff explains that its request arises out of information obtained during the discovery process which brings its claims within the purview of the intercompany arbitration agreement.

**CONCLUSION**

  For the foregoing reasons, this Court finds that Plaintiff has not waived its right to submit this matter to litigation, pursuant to the intercompany arbitration agreement; that Plaintiff's claim, as amended, falls within the purview of the arbitration agreement; and that Defendant has failed to demonstrate that it would suffer prejudice if the matter were referred to arbitration. Therefore, this Court grants Plaintiff's motion to voluntarily dismiss this matter without prejudice.

                S/Joseph A. Greenaway, Jr.
                JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: September 30, 2005